UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MILTON MATHIS ) | Case Number |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| ALLIANCEONE RECEIVABLES ) | |
| MANAGEMENT, INC. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Milton Mathis, by and through their undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Milton Mathis, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in the State of New Jersey and the Plaintiff resides in this district.

### III. PARTIES

4.     Plaintiff, Milton Mathis, is an adult natural person residing at 180 Grandview Ave, Piscataway NJ 08854.

5.     Defendant, Allianceone Receivables Management, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New Jersey with a principal place of business located at 4850 E Street Road Suite 300, Feasterville Trevose, PA 19053.

6.     Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7.     In or around December 2008, Defendant, Allianceone Receivables Management Inc., began a series of harassing and abusive calls to Plaintiff's home telephone, his cellular phone and his work telephone regarding an alleged debt owed to Plaintiff.

8.     Defendant's agent, "Briana", called Plaintiff on his cell phone and work telephone several times in an attempt to make payment arrangements with Plaintiff. Despite Plaintiffs efforts, "Briana" told him that it wasn't good enough and began yelling at him.

9.     Several times during the month of January 2009, an agent of Defendant only known as "Briana" called Plaintiff's home telephone and spoke with Plaintiff's 11-

year- old daughter. Defendant's agent told Plaintiff's daughter "I know your mommy and daddy aren't home but take down this number". These calls terrified the Plaintiff's daughter.

10. On January 29, 2009, Plaintiff's neighbor came to her door with a note. Defendant's agent, "Briana", had called Plaintiff's neighbor and told them to have Plaintiff call them back. When Plaintiff's daughter saw the note and the agent's name, Plaintiff's daughter stated to her mother, "mommy, that's the lady who keeps calling".

11. The contacts with the neighbor and daughter were illegal third party contacts and were not for the purpose of locating the Plaintiff but merely to harass him. Moreover, Defendant had already been in contact with the Plaintiff about the alleged debt and therefore knew how to contact Plaintiff.

12. Defendant's agent continues to call Plaintiff to the present time.

13. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

14. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

15. The Defendant acted in a false, deceptive, misleading and unfair manner when they, without permission from the Plaintiff, communicated with persons other than the Plaintiff that the Plaintiff owes a debt and made such communications on multiple occasions.

16.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

17.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

18.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

19.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT 1 – FDCPA

20.     The above paragraphs are hereby incorporated herein by reference.

21.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

22.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692 b(1), b(2), b(3), c(a)(1) d, d(5), e, e(2), e(7), e(10), f and g.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant, Allianceone Receivables Management, Inc. for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: February 23, 2009        BY:   /s/ Bruce K. Warren
                                Bruce K. Warren, Esquire
                                Warren & Vullings, LLP
                                1603 Rhawn Street
                                Philadelphia, PA  19111
                                215-745-9800   Fax 215-745-7880
                                Attorney for Plaintiff